NATIONAL SURETY CORPORATION v. VAN B. SHARPE AND LOUISE R.
   SHARPE, TRADING AND DOING BUSINESS AS CARTHAGE WEAVING
   COMPANY.
(Filed 13 December, 1950.)

**Receivers § 7—**

A creditor of an insolvent, having appeared and filed claim, may not
object to an order in the receivership proceedings after notice requiring it
to litigate its claim in that action and restraining it from maintaining an
independent action thereon.

APPEAL by movant York Mills, Inc., from *Sink, J.,* as of September
Term, 1950, of MOORE.    Affirmed.

This case was here at Spring Term, 1950, on the appeal of York Mills,
Inc., movant, and is reported in 232 N.C. 98, where the facts are stated.

*Gavin, Jackson & Gavin for National Surety Corporation, appellee.*
*W. D. Sabiston, Jr., for American Woolen Company, respondent.*
*John M. Spratt and Carroll & Steele for York Mills, Inc., appellant.*

DEVIN, J.    In the opinion written for the Court by *Justice Ervin* on
the former appeal the cause was remanded to the Superior Court for the

determination of the validity and priority of the claim of the plaintiff in accordance with the rules regulating the "presentation, proof and payment of claims in receivership." It was held that there was no valid basis for the contention of the York Mills, Inc., that its claim is a preferred one.

In the subsequent hearing in the Superior Court of Moore County, it appeared that the successive receivers in charge of the defendants' business reported a substantial loss in the operation from July, 1949, to September, 1950, and that the present receiver did not have funds sufficient to pay the losses and continue operation. Thereupon it was ordered that the receiver cease further operation, only preserving the property, paying laborers, and collecting accounts; that the clerk give notice to all claimants and creditors to present claims in writing on or before 23 October, 1950; that the clerk give notice of meeting of all creditors with receiver 3 November, to hear his report and to make recommendations to the resident judge whether operation should be continued or the property sold and the business concluded; that all creditors and claimants be required to assert and litigate their rights in this action and be restrained from independent action thereon, and that the clerk notify all creditors and persons interested in the affairs of defendants to become parties to this action. The movant York Mills, Inc., excepted to this order and appealed.

The receivership in this case was based originally upon the affidavit of the plaintiff in which the facts constituting its cause of action are set out, the insolvency of defendants alleged, and restraining order sought, and also upon the petition of the defendants admitting insolvency and praying that a receiver be appointed to operate the business of the defendants and fulfill the contract set out in plaintiff's affidavit. Thereupon by order of court a receiver was appointed and commanded to take charge of and direct the affairs of the defendants according to the law governing receiverships and according to the further orders of the court.

The order of Judge Sink, entered September, 1950, from which the appeal in this case was taken, properly required all creditors and claimants to assert and litigate their rights in this action which was begun by issuance of summons July, 1949. The law contemplates the settlement of all claims against the insolvent debtor in the original action in which the receiver is appointed. Hence all persons who have claims against the debtor who desire to participate in the distribution of the estate must present their claims in writing to the receiver. G.S. 55-152; *Surety Corp. v. Sharpe,* 232 N.C. 98 (101), 59 S.E. 2d 593.

The appellant York Mills, Inc., has appeared in this case and filed its claim with the receiver. Its rights thereon are subject to the determination of the court in this action. Its demurrer *ore tenus* to the affidavits

on which, with defendants' petition, the receivership was ordered, cannot be sustained.

On the appeal of York Mills, Inc., the order of Judge Sink is Affirmed.