THOMPSON, APPELLEE, *v.* THOMPSON, APPELLANT; THOMPSON, APPELLEE.

(No. 288—Decided October 18, 1956.)

*Mr. George W. McDowell,* for plaintiff-appellee.
*Mr. Richard P. Rankin,* for appellant.
*Mr. Charles S. Hire,* for defendant-appellee.
*Mr. William M. Junk,* for receiver O. W. Landrum.

WISEMAN, J.   This is an appeal on questions of law from a final order entered by the Common Pleas Court of Fayette County in an action filed by a partner against his copartners for an accounting, dissolution of the partnership and the appointment of a receiver.

A receiver was appointed.   Under order of the court, the receiver sold certain assets of the partnership to defendant Hughey L. Thompson, appellant herein, for $49,500.   However, on motion of Hughey L. Thompson the court ordered him to pay

to the receiver 57.4 per cent of the purchase price, to wit, $28,413, being the total interests of plaintiff, Robert H. Thompson (37 per cent), and defendant Charles H. Thompson (20.4 per cent) on certain assets as alleged in plaintiff's petition and the cross-petition of Charles H. Thompson. Subsequently, on motion of Robert H. Thompson and Charles H. Thompson, the court ordered the receiver to distribute the $28,413 to Robert H. Thompson and Charles H. Thompson, Robert H. Thompson receiving 37 per cent, or $18,315, and Charles H. Thompson receiving 20.4 per cent, or $10,098. The defendant Hughey L. Thompson excepted to the order, and from that order this appeal was taken.

Appellant, Hughey L. Thompson, contends that the court erroneously made the order of distribution before the issues were made up and judgment rendered on the issues made by the pleadings. The appellant, Hughey L. Thompson, filed a general denial to plaintiff's petition and a motion to make definite and certain to the cross-petition of the defendant Charles H. Thompson. The motion has not been ruled upon; neither have the issues made by the pleadings been adjudicated. The interest which each partner has in the assets is put in issue. Furthermore, there is no showing in the record as to the extent of the indebtedness of the partnership. Due process of law requires that the appellant be given his day in court. Under the state of the record the court was without authority to order the distribution of the proceeds. *Columbus Packing Co.* v. *State, ex rel. Schlesinger, Pros. Atty.,* 106 Ohio St., 469, 480, 140 N. E., 376, 37 A. L. R., 1525; *Williamson* v. *Nicklin,* 34 Ohio St., 123; 23 Ohio Jurisprudence, 625, Section 163.

We find the assignments of error well made. The judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

MILLER, P. J., and HORNBECK, J., concur.