HENRY P. BREWER v. ROBERT ELKS, JESSIE B. ELKS, R. V. KEEL, AND BERTHA C. KEEL.

(Filed 20 November 1963.)

**1. Partnership § 4—**

For the payee to establish as a partnership liability a note not signed in the partnership name, it is required that he show that the partner signing the note acted on behalf of the partnership in procuring the loan and was authorized to so act, or that the other partners, with knowledge of the transaction, thereafter ratified the act of the maker.

**2. Same—**

The mere fact that a partnership ultimately benefits from a contract made by a partner in his own name does not create a partnership obligation.

**3. Partnership § 9—**

Where a receiver is appointed to take possession of partnership assets for dissolution, the creditors must file and prove their claims against the partnership as directed by the court or be barred, G.S. 1-507.6, and upon

the filing of such claim any partner may challenge the validity of the claim as a partnership liability. G.S. 1-507.7.

**4. Partnership § 4— Failure to except to finding that notes were partnership liabilities held an admission of such liability.**

Plaintiff instituted a suit on a note as a partnership liability. The note was not executed in the name of the partnership and there was no evidence that the partners not signing the note authorized the partner signing the note to borrow funds for the partnership, but there was evidence that in proceedings for the dissolution of the partnership the notes were asserted and allowed as a partnership liability and that the partners who did not sign the note failed to except to the receiver's finding to this effect. *Held:* The failure to except to the receiver's findings of partnership liability is competent as an admission of partnership liability, and therefore nonsuit on the ground that the evidence was insufficient to establish a partnership liability is error.

**5. Judgments § 38; Pleadings § 2—**

It is not required that the complaint allege evidentiary matters, therefore the failure to except to a judicial determination that the claim asserted was a partnership liability may be competent as evidence of an admission, notwithstanding that the judgment in the partnership proceedings is not pleaded as an estoppel.

APPEAL by plaintiff from *Bone, J.*, March 1963 Civil Session of WILSON.

Defendants were partners trading as Friendly Furniture Company. On 1 February 1958 Friendly Furniture Company executed a note for $2,000, payable on demand to the order of plaintiff. This note was also signed by defendants Elks.

On 17 February 1959 plaintiff and defendants Elks executed a note payable, on 15 January 1960, to Guaranty Bank & Trust Co. Plaintiff alleged this note evidenced a loan to the partnership; he signed for the accommodation of Friendly Furniture Company. Defendant Robert Elks was the manager of Friendly Furniture Company. He acted in that capacity for fourteen years and was so acting when the notes were executed.

Neither of the notes was paid by the partnership. Plaintiff, on 28 June 1960, paid the note dated 17 February 1959.

In 1960 defendants Elks instituted an action in the Superior Court of Pitt County against defendants Keel for a dissolution of the partnership. By consent a receiver was appointed. Plaintiff filed a claim with receiver for $4,000 and accrued interest, basing his claim on the two notes. His claim was allowed by the receiver. He was paid from the sale of partnership assets the sum of $1,371.85. He applied this sum as

a credit on the note dated 1 February 1958, leaving a balance owing on that note of $963.15.

Defendants Elks did not deny liability for the amounts claimed. Judgment was entered against them for the balance owing on the two notes.

Defendants Keel by answer denied their liability to plaintiff in any sum. During the trial they admitted liability for $963.15, the balance claimed to be owing on the note signed in the name of Friendly Furniture Company.

The court, being of the opinion that plaintiff's evidence was not sufficient to establish liability of the partnership for the note dated 17 February, payable to Guaranty Bank & Trust Co., rendered judgment against defendants Keel for $963.15 in accordance with their admission and non-suited plaintiff's cause of action on the other note. Plaintiff excepted and appealed.

*Moore & Moore by Robert G. Webb for plaintiff appellant.*
*M. E. Cavendish and L. W. Gaylord, Jr., for defendant appellees.*

RODMAN, J.   It is provided by statute "all partners are jointly and severally liable for the acts and obligations of the partnership." G.S. 59-45. Hence the admission of defendants Keel that they were general partners in the business conducted under the name of Friendly Furniture Company, coupled with the testimony that Guaranty Bank & Trust Co. discounted the note of 17 February 1959 which on its face bore no evidence that it was an obligation of the partnership, purporting merely to be the obligation of defendants Elks and plaintiff, presents for determination this question: Did plaintiff offer any evidence on which a jury should be permitted to find that the note was in fact a partnership obligation?

Where a contract apparently made for the purpose of carrying on partnership business is executed in the partnership name by a partner, the partnership is liable for a breach of the contract even though the partner was not authorized to so contract, unless the other parties to the contract had knowledge of the lack of authority; but "an act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners." G.S. 59-39.

Here the note was not signed in the partnership name; it did not on its face purport to be for the benefit of the partnership. To establish liability, plaintiff must show that the partner was acting on behalf of the partnership in procuring the loan and was authorized to so act; or

that the partners, with knowledge of the transaction, thereafter ratified the acts of their partner.

Defendant Robert Elks testified that he was, on 17 February 1959, the managing partner of the Friendly Furniture Company, having served in that capacity for fourteen years. He asked plaintiff "to sign some notes at the bank for the company with me. Mr. Brewer said that he would and on February 17, 1959, Mr. Brewer and my wife and I went to the Guaranty Bank and Trust Company to sign the notes. Mr. Brewer signed the notes with me and my wife at my request because the Company needed the money." He testified that the proceeds of the loan were by mistake deposited in his personal account; he immediately wrote a check transferring the funds to the credit of Friendly Furniture Company.

The mere fact that a partnership ultimately benefits from a contract made by a partner in his own name does not create a partnership obligation. *Willis v. Hill,* 19 N.C. 231; *Queen City Petroleum Products Co. v. Norwood-Hyde Park Bank & Trust Co.,* 197 N.E. 357; *Lemon v. Montgomery,* 288 P. 2d 407; *Bank of America Nat. Trust & Savings Assn. v. Kumle,* 160 P. 2d 875; *First State Bank of Riesel v. Dyer,* 254 S.W. 2d 92; Partnership, 40 Am. Jur. sec. 149, 68 C.J.S. sec. 146.

Partnership contracts are not usually made in the names of the individual partners. The usual way for a partnership to indicate its liability for money borrowed is to execute the note in its name. Since the note here sued on was not executed in the name of the partnership, plaintiff had the burden of showing defendants Keel had authorized the transaction. We find nothing in the testimony of plaintiff or defendants Elks to warrant a finding that defendants Keel had authorized Elks, in their individual names, to borrow for the partnership.

Plaintiff does not, however, limit his claim of partnership liability to the facts testified to by him and Elks. He alleged an original partnership indebtedness of $4,000 evidenced by two notes of $2,000 each, a payment of $1,371.85 by Hite, receiver of Friendly Furniture Company, on the partnership indebtedness of plaintiff, which payment he applied as a credit on one of the notes.

Defendants Keel admitted the allegation that Hite, receiver, had paid plaintiff $1,371.85.

To show partnership liability for the sum sued for, plaintiff offered in evidence the judgment roll in a civil action instituted in Pitt County on 22 February 1960 entitled *"Robert Elks and wife, Jessie B. Elks Against R. V. Keel and wife, Bertha C. Keel."* The record consisted of (1) summons showing service 23 February 1960, (2) complaint alleging plaintiffs and defendants had since January 1949, as partners, con-

ducted a retail furniture business under the firm name of Friendly Furniture Company, that the partnership was indebted to various creditors and was without funds to meet its obligations, that a receiver should be appointed and the partnership dissolved; (3) an order made 23 February 1960 with the consent of defendants Keel appointing Hite as receiver of the partnership assets; (4) a consent order for the sale of partnership assets and for notice to creditors to file within the time fixed their claims against the partnership; (5) an affidavit of plaintiff asserting that the partnership was indebted to him in the sum of $4,000, which indebtedness was evidenced by the two notes here sued on; (6) report of the receiver filed 12 September showing (a) expenses of the receivership, (b) preferred claims and unpaid expenses of the receivership, (c) "claims filed with receiver having no preference," (d) claims filed which the receiver disallowed.

The receiver reported the partnership was indebted to plaintiff in the sum claimed. On 11 November 1960 an order was entered approving and confirming the report of the receiver with directions to disburse the funds in his hands in the manner set out in his report.

On 14 November 1960 the receiver filed his report showing his disbursements as directed by the court. Included in his disbursements was the sum of $1,371.85 paid plaintiff. The amount paid unsecured creditors was 34.2963% of their claims. This report was received, approved, and the receiver discharged.

When a partner seeks a dissolution of a partnership and with the consent of the other partners a receiver is appointed to take possession of partnership assets for distribution to the parties entitled thereto, the law contemplates a judicial determination of the liabilities of the partnership. Until the liabilities of the partnership have been determined there can be no distribution to the partners. G.S. 59-70; *Lackner v. McKechney*, 252 F. 403; *Thompson v. Thompson*, 142 N.E. 2d 265; *Carter v. Carter*, 24 So. 2d 759.

When the court so directs, creditors must file and prove their claims or be barred. G.S. 1-507.6; *Surety Corp. v. Sharpe*, 233 N.C. 83, 62 S.E. 2d 501. The receiver must "pass upon and allow or disallow" the claim. He must report his findings to the court. Any interested party may by exception to the receiver's report challenge his findings. The validity of the claim so asserted must then be determined by the court. G.S. 1-507.7. A partner individually liable for partnership debts, if the partnership assets are insufficient to discharge the claim, is unquestionably an "interested person" who may challenge the validity of the asserted partnership obligations. *Surety Corp. v. Sharpe*, 232 N.C. 98, 59 S.E. 2d 593; 68 C.J.S. pp. 991-2.

It has been held that where the partnership assets are insufficient to discharge the partnership obligations, claimant may, in the proceeding in which the receiver was appointed, have judgment against the individual partners for the balance of his claim. *Lackner v. McKechney, supra.*

Plaintiff did not move in the action instituted in Pitt County for the dissolution of the partnership for a judgment against the individual partners for the balance owing to him after crediting on his claim the payment made by the receiver. We need not decide whether the complaint is sufficient to allege a judicial determination of partnership liability. Defendants' failure to except to the receiver's finding that the partnership was liable to plaintiff for the full $4,000 may be shown as an admission that the partnership was either originally liable because the partners had authorized defendants Elks to execute the note, or, if they had not originally authorized the execution of the note, the partnership had thereafter ratified the act of Elks in borrowing in his own name for the benefit of the partnership. Here the plaintiff did not rely on the judgment roll which he offered as an estoppel. He used it as an admission, an evidentiary matter. Parties are not required to plead evidentiary matters. "The purpose of the complaint is to allege the substantive and constituent facts of the cause of action, not to narrate the evidence supporting them." *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337; *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660; *Foust v. Durham,* 239 N.C. 306, 79 S.E. 2d 519; *Thorpe v. Parker,* 199 N.C. 451, 154 S.E. 674; *Stancill v. James,* 126 N.C. 190.

Reversed.