NORTH CAROLINA NATIONAL BANK v. G. C. WALLENS AND WIFE, J. W. WALLENS, DONALD SCHAAF, AND WIFE, DORIS SCHAAF v. SAMUEL LONGIOTTI

No. 7615SC515

(Filed 15 December 1976)

Uniform Commercial Code § 28— loan to partnership — no signature of partnership on note — liability of guarantors of partnership

Where plaintiff alleged that defendants unconditionally guaranteed and assumed primary liability for any debts of a named partnership, plaintiff loaned the partnership a named sum, and defendants executed a promissory note on behalf of the partnership, but the name of the partnership did not appear on the note, the trial court erred in concluding that, since the signature of the partnership did not appear on the note, the partnership was not liable, and, consequently, defend-

ants were not liable on their guaranty of the debt of the partnership, and the court also erred in dismissing plaintiff's action, since plaintiff was entitled to recover, even without the signature of the partnership, if it proved that the signing partner was acting on behalf of the partnership in procuring the loan and was authorized to so act, or that the partners, with knowledge of the transaction, thereafter ratified the acts of their partner. G.S. 25-3-401.

APPEAL by plaintiff from *Preston, Judge.* Judgment entered 12 April 1976 in Superior Court, ORANGE County. Heard in the Court of Appeals 16 November 1976.

On 23 April 1974, plaintiff started this action to recover on an agreement wherein defendants agreed to guarantee and assume primary liability for any debts of Koretizing Mart of Chapel Hill, a partnership.

The only responsive pleading that appears of record is a motion to dismiss filed pursuant to Rule 12(c) of the Rules of Civil Procedure. That motion to dismiss for failure to state a claim upon which relief can be granted was filed on 15 March 1976. On 12 April 1976, defendants' motion was allowed and judgment was entered dismissing the action.

*Smith, Moore, Smith, Schell & Hunter, by Larry B. Sitton and Thomas S. Stukes, for plaintiff appellant.*

*Manning, Fulton & Skinner, by Thomas C. Worth, Jr., and Lawrence W. Hill, Jr., for defendant appellees.*

VAUGHN, Judge.

A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. Detailed fact pleading is not required. A pleading is sufficient if it gives enough notice of the events or transactions that produced the claim to enable the adverse party to understand the nature and basis of the claim, to file a responsive pleading, and, by using the rules provided for discovery, to get additional information needed for trial. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161.

The complaint, in pertinent part, is as follows:

On 23 July 1970, defendants unconditionally guaranteed and assumed primary liability "on any and all notes, drafts,

Bank v. Wallens

debts, obligations and liabilities of Koretizing Mart of Chapel Hill, a partnership. . . ." Donald Schaaf and G. C. Wallens were the sole partners.

On account of that agreement, plaintiff did "grant and did make a loan to the said Koretizing Mart of Chapel Hill; that for and on account of the said value received, the defendant, G. C. Wallens, for and on behalf of the said Koretizing Mart of Chapel Hill, executed and delivered to the plaintiff a certain promissory note. . . ." The note was dated 2 March 1973 and was in the amount of $76,370.25.

Koretizing Mart of Chapel Hill "defaulted in payment of said note, whereby the plaintiff declared the entire unpaid balance due. . . ."

On 27 March 1974, plaintiff notified defendants of "the default in said note, and demanded from defendants payment of the entire unpaid outstanding balance of . . . ($52,102.76) . . .; that payment was refused by the defendants and that the defendants have still refused and failed to pay the said indebtedness; that the amount of the said indebtedness now due the plaintiff is . . . ($52,102.76). . . ."

The note and guaranty agreement referred to were made a part of the complaint. The note was signed "G. C. Wallens." The name "Koretizing Mart of Chapel Hill" does not appear on the note.

The trial judge concluded that, since the signature of the partnership did not appear on the note, the partnership could not be liable, and, consequently, defendants are not liable on their guaranty of the debt of the partnership.

The judge apparently relied on the following section of the Uniform Commercial Code relating to negotiable instruments: "No person is liable on an instrument unless his signature appears thereon." G.S. 25-3-401(1). A partnership is a "person" within the meaning of that section and "instrument" means a negotiable instrument.

The enactment of the foregoing section made no real change in the law. North Carolina Comment on G.S. 25-3-401(1). The section replaced a former section of the Uniform Negotiable Instrument Law. In part, former G.S. 25-24 provided "no person is liable on the instrument whose signature does not appear thereon. . . ."

The Official Comment on G.S. 25-3-401 contains the following: "Nothing in this section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign may still be liable on the original obligation for which the instrument was given."

The case of *Brewer v. Elks,* 260 N.C. 470, 133 S.E. 2d 159 was decided prior to the repeal of former G.S. 25-24. In that case some, but not all, of the partners signed a note. The suit was against partners who did not sign. Plaintiff had been nonsuited at trial. The Supreme Court said:

> "Here the note was not signed in the partnership name; it did not on its face purport to be for the benefit of the partnership. To establish liability, plaintiff must show that the partner was acting on behalf of the partnership in procuring the *loan* and was authorized to so act; or that the partners, with knowledge of the *transaction,* thereafter ratified the acts of their partner.
>
> \*   \*   \*
>
> Partnership contracts are not usually made in the names of the individual partners. The usual way for a partnership to indicate its liability for money borrowed is to execute the note in its name. Since *the note here sued on* was not executed in the name of the partnership, plaintiff had the burden of showing defendants Keel [nonsigning partners] had authorized the *transaction.*" *Brewer v. Elks, supra,* at pp. 472, 473. (Emphasis added.)

The judgment of nonsuit was reversed because of other evidence offered by plaintiff. The court clearly held, however, that although the *note* "here sued on was not executed in the name of the partnership," plaintiff could recover against the nonsigning partners if he carried the burden of showing they authorized the "transaction."

In *Brewer,* as here, defendants' potential liability had to be based on something other than that of a party to the note. That a nonsigner is ordinarily not liable on an instrument which he has not signed "does not mean that a nonsigner may not be liable under some principle of law. It only means that the liability of the nonsigner is not *as a party to the instrument.*" 2 Anderson, Uniform Commercial Code, § 3-401:5 (2d ed., 1971). (Emphasis added.)

The code section does not affect the liability of a non-signer in connection with an original obligation for which the instrument was later given on other circumstances relating to the same transactions.

We conclude that the court erred in dismissing plaintiff's action. No insurmountable bar to recovery appears on the face of the complaint. The pleading gives defendants sufficient notice of the transactions that produced the claim to enable them to understand the nature and basis of the claim so that they can plead responsively.

The essence of the claim is that defendants promised plaintiff they would pay all debts of Koretizing Mart and, relying on that guarantee, plaintiff made a loan to Koretizing Mart which has not been paid. Plaintiff must, of course, prove that the loan was made to Koretizing Mart. Plaintiff must prove that the signing "partner was acting on behalf of the partnership in procuring the loan and was authorized to so act; or that the partners, with knowledge of the transaction, thereafter ratified the acts of their partner." *Brewer v. Elks, supra.*

It is true that the complaint also discloses that "on account of said value received" (the loan) a note was signed by a partner; that the note was not signed in the name of the partnership; and that plaintiff seeks relief according to the terms of the note. We hold, however, that these allegations do not prevent plaintiff from attempting, in this action, to prove that defendants are liable on their guaranty for the original obligation (the alleged loan made to the partnership) for which the instrument was given. The judgment dismissing the action is reversed and the case is remanded.

Reversed and remanded.

Judges BRITT and MARTIN concur.