ALVIN VOLKMAN AND WIFE, CAROL F. VOLKMAN v. DP ASSOCIATES, A
PARTNERSHIP COMPOSED OF DAVID L. McNAMEE AND PHILIP E. CARROLL;
DAVID L. McNAMEE, INDIVIDUALLY; PHILIP E. CARROLL, INDIVIDUAL-
LY; AND DP ASSOCIATES OF GREENVILLE, INC.

No. 793SC1169

(Filed 5 August 1980)

Partnership § 1.2; Estoppel § 4.3– existence of partnership – estoppel to deny
partnership – issues of fact – summary judgment improper

In an action to recover damages from defendant partnership which
allegedly consisted of the two individual defendants, the trial court erred in
granting summary judgment for one defendant where genuine issues of fact
existed as to whether defendant was in fact a partner, whether he had
spoken or acted in such a way as to be estopped from denying his part-
nership, or whether he led plaintiffs to believe that the other individual
defendant had apparent authority to act in his behalf as a partner.

APPEAL by plaintiffs from *Smith (Donald L.), Judge.* Judg-
ment entered 15 October 1979 in Superior Court, PITT County.
Heard in the Court of Appeals 20 May 1980.

Plaintiffs brought suit alleging that they entered into a
contract with DP Associates for construction advice in building
a residence and that the contract was breached with damages
resulting to them. Plaintiffs brought suit against DP Associ-
ates, which they alleged was a partnership, David L. McNamee
and Philip E. Carroll as individuals, who were alleged to be
partners in DP Associates, and DP Associates of Greenville,
Inc., the alleged corporate successor in interest to DP Associ-
ates. Before any answers were filed, interrogatories were
served on plaintiffs by defendant Carroll. These interrogatories
sought information on what basis plaintiffs made their claim
that Carroll was a partner with McNamee in DP Associates.

Plaintiffs answered defendants' interrogatories indicating
the following. At an early meeting in 1976, McNamee informed

Mr. Volkman, who was authorized to act for his wife, that "he either had just commenced business, or was going into business with Philip E. Carroll." Subsequently, Mr. Volkman received correspondence from McNamee on DP Associates letterhead, and he assumed the "DP" was derived from the given names of the individual defendants, David and Philip. Prior to the signing of the contract, McNamee introduced Carroll to Mr. Volkman at the DP Associates' office where Carroll said, "I hope we'll be working together." Carroll identified McNamee as the person primarily concerned with Volkman's business with DP Associates but that he would also be available.

Mr. and Mrs. Volkman reviewed the written contract in the DP Associates office on 21 January 1977 with McNamee. McNamee suggested it might be advantageous to use a straight contractor's form to clearly identify DP Associates as acting as virtual general contractor. He then left the room saying, "I will ask Phil," and when he returned, he said they would use the contract with initialed modifications. After the signing of the contract but before construction of the house began, Mr. Volkman was in the office of DP Associates and again saw and conversed with Carroll who said to him in the course of the conversation, "I am happy that we will be working with you." During construction, Mr. Volkman visited the office of DP Associates on numerous occasions and saw Carroll there. During one visit, he expressed concern about construction delays to Carroll, who told him not to worry because McNamee would take care of it. Mr. and Mrs. Volkman have no documents tending to show a partnership existed. All money was paid to DP Associates. They never saw Carroll on the construction site and knew of no other construction supervised by Carroll. They understood they were purchasing Carroll's services and construction expertise through DP Associates.

All defendants except Carroll filed answer on 4 September 1979. Carroll filed answer on 6 September 1979 denying the allegations of the complaint against him. On 5 September 1979, Carroll moved for summary judgment on the basis that the pleadings, affidavits and answers to interrogatories showed that Carroll was not a partner in DP Associates. An affidavit by McNamee supporting the motion for summary judgment states

that McNamee is not and never has been in partnership with Carroll and that Carroll received no income, profits, salary or other remuneration from the Volkman job.

The trial court entered an order dismissing Carroll as a party defendant because no issue was raised as to whether Carroll was a partner in DP Associates. Plaintiffs appeal.

*Everett and Cheatham, by Edward J. Harper II, for plaintiff appellants.*

*Gaylord, Singleton and McNally, by A. Louis Singleton, for defendant appellees.*

VAUGHN, Judge.

The question raised on this appeal is not whether plaintiffs proved that Carroll was a partner. That burden will be upon plaintiffs when they go to trial. The question is whether defendant carried his burden of showing there was no genuine issue as to whether Carroll was a partner. It is true that Carroll and his alleged partner, defendant McNamee, denied the existence of a partnership. Both of these defendants, however, are interested in the outcome of the lawsuit. Plaintiffs should have the opportunity to test their credibility at trial. *Lee v. Shor,* 10 N.C. App. 231, 178 S.E. 2d 101 (1970). Summary judgment is an extremely drastic remedy that should be awarded only where the truth is quite clear. The requirement that such judgment be entered only where there is no genuine disputed factual issue and the party is entitled to judgment as a matter of law should be cautiously observed. *Kessing v. Mortgage Co.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). Even the slightest doubt should be resolved in favor of the nonmovant. The answers to the interrogatories indicate that there is at least a question as to whether Carroll was a partner. *See Reddington v. Thomas,* 45 N.C. App. 236, 262 S.E. 2d 841 (1980). If at trial plaintiffs are unable to prove a partnership in fact, they may be able to show that Carroll should be held as a partner by estoppel or under the agency theory of apparent authority.

The Uniform Partnership Act as adopted in this State provides that "[t]he law of estoppel shall apply . . . ." G.S. 59-34(b). The essentials of equitable estoppel or estoppel *in pais* are a representation, either by words or conduct, made to another, who reasonably believing the representation to be true, relies upon it, with the result that he changes his position to his detriment. *Boddie v. Bond,* 154 N.C. 359, 366, 70 S.E. 824, 827 (1911); *Yancey v. Watkins,* 2 N.C. App. 672, 163 S.E. 2d 625 (1968); *cert. den.,* 275 N.C. 139 (1969); Restatement (Second) of Agency § 8B (1958). "[I]t is essential that the party estopped shall have made a representation by words or acts and that someone shall have acted on the faith of this representation in such a way that he cannot without damage withdraw from the transaction." 2 Williston, Sales § 312 (rev. ed. 1948).

As well as making the "law of estoppel" expressly applicable to partnerships, the Uniform Partnership Act as adopted in this State sets forth in more detail the conditions for liability as a partner by estoppel in G.S. 59-46 which provides:

Partner by estoppel. – (a) When a person, by words spoken or written, by conduct, or by contract, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner, he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

(1) When a partnership liability results, he is liable as though he were an actual member of the partnership.

(2) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting

to the contract or representation as to incur liability, otherwise separately.

Liability by estoppel may result either from defendant Carroll's representation of himself as a partner "by words spoken or written" or "by conduct" or defendant Carroll's "consent" to such a representation by another. The pleadings and answers to interrogatories of Mr. and Mrs. Volkman indicate they may be able to show that Carroll by his oral statements to them and conduct in their presence and by his consent to the representations of McNamee to the Volkmans, some of which were in the presence of Carroll, represented himself as a partner and should be estopped to deny such association. They may be able to show further they relied upon these representations not knowing them to be false and that based upon the representations of Carroll and McNamee, the Volkmans changed their position and were thereby damaged. Defendant has failed to show that there can be no question of fact on the issue of partnership by estoppel. *See Lazarus v. Goodman*, 412 Pa. 442, 195 A. 2d 90 (1963).

In addition to an estoppel theory of liability, Carroll may be liable under apparent or ostensible authority, a theory of agency law applicable to partnerships. G.S. 59-34(c). There is virtually no difference between estoppel and apparent authority. Both depend on reliance by a third person on a communication from the principal to the extent that the difference may be merely semantic. Despite its title, "Partner by Estoppel," G.S. 59-46 "provides for a form of liability more akin to that of apparent authority than to estoppel." Painter, *Partnership by Estoppel*, 16 Vand. L.J. 327, 347 (1963). If this view is taken, the liability of the person seeking to deny partner status is not based on estoppel to deny agency or authority but on the objective theory of contract law, *i.e.*, a person should be bound by his words and conduct. Thus, when Carroll told Mr. Volkman, "I am happy that we will be working with you" and conducted himself as he did in the DP Associates office in the presence of Mr. Volkman, the trier of the facts may find he was indicating a willingness to be bound by the statements and acts of McNamee, that Carroll held himself out as a partner of McNamee in CP Associates, that McNamee had apparent authority to act for Carroll and

that the Volkmans reasonably relied upon this holding out. If so, he is bound as if he directly dealt with the Volkmans.

It was error for the trial court to grant summary judgment for defendant Carroll. Defendant has not conclusively shown that plaintiffs cannot possibly prove a claim against him because of an estoppel to deny the liability or because of his holding out to the Volkmans of apparent authority in McNamee to act in his behalf as a partner.

Reversed and Remanded.

Judges PARKER and HEDRICK concur.