BEST CARTAGE, INC., Plaintiff v. STONEWALL PACKAGING, LLC, and JACKSON PAPER MANUFACTURING COMPANY, Defendants and GGG, INC. d/b/a GRISANTI, GALEF and GOLDRESS as Receiver for STONEWALL PACKAGING, LLC, Defendant-Intervenor

No. COA11-1153

(Filed 20 March 2012)

**1. Partnerships—by estoppel—sufficient representations to third party—belief and reliance upon representations— motion to dismiss erroneous**

The trial court erred in granting defendant Jackson's motion to dismiss regarding plaintiff's claim for partnership by estoppel. Plaintiff alleged sufficient facts to meet the requirement of representing to a third party that defendants were involved in a partnership and that plaintiff believed defendants' representations and relied to its detriment on the representations. Plaintiff's choice to contract with defendant Stonewall individually and not with both defendants in their alleged capacity as a partnership did not defeat plaintiff's claim and there was sufficient evidence to meet the requirement of alleging an extension of credit to the partnership.

### 2. Joint Venture—elements sufficiently alleged—motion to dismiss erroneous

The trial court erred in dismissing plaintiff's claim for joint venture because it adequately pled the elements of a joint venture. Plaintiff alleged a joining of funds, labor, and property in a common purpose where each defendant had a right to direct the other.

### 3. Partnerships—de facto partnership—elements sufficiently alleged—motion to dismiss erroneous

The trial court erred in dismissing plaintiff's claim for *de facto* partnership where plaintiff's allegations were sufficient to survive defendant's motion to dismiss, including sufficient allegations to meet any requirement of profit sharing.

### 4. Corporations—piercing the corporate veil—wrongdoing— insufficient allegations

The trial court did not err in dismissing plaintiff's claim for piercing the corporate veil where plaintiff failed to sufficiently allege a wrongdoing to meet the second prong of the instrumentality test for piercing the corporate veil.

Appeal by plaintiff from order entered 8 June 2011 by Judge James L. Gale in Forsyth County Superior Court. Heard in the Court of Appeals 7 February 2012.

*Carruthers & Roth, P.A., by Rachel S. Decker and J. Patrick Haywood, for plaintiff appellant.*

*Wyrick Robbins Yates & Ponton, LLP, by Tobias S. Hampson, Lee M. Whitman; and McKenna Long & Aldridge, LLP, by Gregory S. Brow, for Jackson Paper Manufacturing Co., defendant appellee.*

McCULLOUGH, Judge.

Best Cartage, Inc. ("plaintiff") appeals from the trial court's dismissal of plaintiff's claims for partnership by estoppel, joint venture, *de facto* partnership, and piercing the corporate veil against Stonewall Packaging, LLC, ("defendant Stonewall") and Jackson Paper Manufacturing Company ("defendant Jackson") (collectively "defendants"), by granting defendant Jackson's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Based upon the following, we affirm in part and reverse in part.

BEST CARTAGE, INC. v. STONEWALL PACKAGING, LLC

[219 N.C. App. 429 (2012)]

## I. Background

Defendant Jackson is in the business of manufacturing medium paper out of recycled materials, which is then used in the construction of cardboard. Defendant Stonewall, a Delaware limited liability company, with its principal place of business in Sylva, Jackson County, North Carolina, manufactured corrugated sheets of cardboard by incorporating the medium paper made by defendant Jackson. Plaintiff alleges that defendants sought to vertically integrate the manufacturing and construction of cardboard boxes. Plaintiff, on the other hand, is a tractor-trailer trucking company, who ultimately entered an Exclusive Transportation Agreement (the "Agreement") with defendant Stonewall on 5 November 2009.

According to the Agreement, plaintiff would ship cardboard sheets manufactured by defendant Stonewall. In reliance on the Agreement, plaintiff purchased thirty-seven tractor-trailers to use in satisfying the Agreement. Defendant Jackson negotiated the terms of the Agreement with plaintiff, and one of its officers actually signed the Agreement on behalf of defendant Stonewall. Plaintiff alleges that it entered the Agreement based on the strength and reputation of defendant Jackson and under the assumption that defendant Jackson had a partnership relationship with defendant Stonewall. Plaintiff bases its assumption on the alleged facts that defendant Jackson sought tax incentives from the State of North Carolina for the "creation" of defendant Stonewall; North Carolina Governor Beverly Perdue referred to defendants as a "joint venture"; defendant Stonewall utilized the services of defendant Jackson and its employees without reimbursing defendant Jackson; defendant Jackson purchased the real property on which defendant Stonewall was located; defendant Jackson hired the employees that renovated the building in which defendant Stonewall operated; defendant Jackson's employees selected and purchased the equipment used in defendant Stonewall's operations; and defendants shared common officers and directors. Plaintiff performed under the Agreement until defendant Stonewall notified plaintiff that it would no longer be able to continue. At the request of defendant Stonewall's secured lender, Atlantic Capital Bank, defendant Stonewall was placed into receivership.

Plaintiff decided to initiate this lawsuit in Forsyth County as a breach of contract claim rather than submit its claims for unpaid invoices into the receivership. Based on defendant Stonewall's breach of the Agreement, plaintiff seeks direct damages of $500,678.48 in unpaid invoices and consequential damages of $1,315,336.51,

which is the outstanding balance on plaintiff's loan for the tractor-trailers. On 25 October 2010, defendant Stonewall and the receiver filed an answer to plaintiff's complaint. That same day, the trial court allowed plaintiff to amend its complaint by adding claims against defendant Jackson. Plaintiff raised claims of partnership by estoppel, joint venture, *de facto* partnership, and piercing the corporate veil.

Defendant Jackson moved to designate the matter as a complex business case to be heard by the North Carolina Business Court and subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In granting defendant Jackson's motion to dismiss, the trial court found that plaintiff had contracted solely with defendant Stonewall despite having knowledge of the alleged partnership between defendants, which precludes a finding that the Agreement was entered into for business purposes of the alleged partnership as necessary to bind an alleged partnership to a contract entered into by one partner. Furthermore, the trial court found that plaintiff did not extend credit to the alleged partnership, but exclusively to defendant Stonewall, which bars a claim for partnership by estoppel. The trial court also found in its order that plaintiff failed to allege a fiduciary relationship and joint-profit sharing, necessary for the claims of joint venture and *de facto* partnership. Finally, it found that plaintiff failed to allege a wrongdoing or injustice sufficient to meet the test for piercing the corporate veil. Plaintiff appeals from the trial court's order.

## II. Analysis

At issue in this case is whether the trial court erred in granting defendant Jackson's motion to dismiss pursuant to N.C. R. Civ. P. 12(b)(6) (2011), dismissing plaintiff's claims for partnership by estoppel, joint venture, *de facto* partnership, and piercing the corporate veil. For the following reasons, we affirm in part and reverse in part.

### A. Standard of Review

"An appellate court conducts a de novo review when considering a trial court's dismissal of a [claim] under North Carolina Rule of Civil Procedure 12(b)(6)." *State Employees Ass'n of N.C., Inc. v. N.C. Dep't of State Treasurer*, 364 N.C. 205, 210, 695 S.E.2d 91, 95 (2010). " '[T]he standard of review is whether as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Laster v. Francis*, 199 N.C. App. 572, 575, 681 S.E.2d 858, 861 (2009) (citation omitted). Dismissal pursuant to Rule 12(b)(6) is warranted "when

one or more of the following three conditions is satisfied: (1) when the complaint on its face reveals that no law supports plaintiff's claim; (2) when the complaint reveals on its face the absence of fact sufficient to make a good claim; (3) when some fact disclosed in the complaint necessarily defeats the plaintiff's claim." *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985).

When reviewing a motion to dismiss under Rule 12(b)(6), "[t]he trial court must treat the allegations in the complaint as true, but the court is not required to accept as true any conclusions of law or unwarranted deductions of fact." *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001) (citation omitted). Furthermore, the trial court "should construe the complaint liberally and only grant the motion if it appears certain that plaintiffs could prove no set of facts which would entitle them to relief under some legal theory." *Fussell v. N.C. Farm Bureau Mut. Ins. Co.*, 364 N.C. 222, 225, 695 S.E.2d 437, 440 (2010).

## B. Partnership by Estoppel

**[1]** Plaintiff first argues the trial court erred in granting defendant Jackson's motion to dismiss regarding plaintiff's claim for partnership by estoppel. The trial court found that plaintiff entered the Agreement exclusively with defendant Stonewall while possessing knowledge of the alleged partnership. The trial court also found that plaintiff failed to extend credit to the alleged partnership, precluding a finding that the pleadings were sufficient to support a claim for partnership by estoppel. We disagree.

Our state codifies partnership by estoppel in N.C. Gen. Stat. § 59-46 (2011), which defines one as:

> (a) When a person, by words spoken or written, by conduct, or by contract, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner, he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

(1) When a partnership liability results, he is liable as though he were an actual member of the partnership.

Our Court has further expounded on the statute in *Wiggs v. Peedin*, 194 N.C. App. 481, 669 S.E.2d 844 (2008), where we held

"[t]he essentials of equitable estoppel or estoppel *in pais* are a representation, either by words or conduct, made to another, who reasonably believing the representation to be true, relies upon it, with the result that he changes his position to his detriment. It is essential that the party estopped shall have made a representation by words or acts and that someone shall have acted on the faith of this representation in such a way that he cannot without damage withdraw from the transaction.

*Id.* at 488, 669 S.E.2d at 849 (quoting *Volkman v. DP Associates*, 48 N.C. App. 155, 158, 268 S.E.2d 265, 267 (1980)).

Plaintiff alleges that defendants combined labor, skills, and property to advance their alleged business partnership. Furthermore, plaintiff claims defendant Jackson displayed its conduct outwardly towards the general public in a sufficient manner for anyone to believe that it was partnered with defendant Stonewall. Specifically, a press release from the Office of Governor Perdue mentions that defendant Jackson sought tax incentives for defendant Stonewall, and the Governor even referred to the two as a "joint venture." Moreover, plaintiff argues defendant Jackson negotiated and executed the Agreement on behalf of defendant Stonewall, while also dominating the decision making in the partnership by having certain employees work for both defendant Stonewall and itself. Defendant Jackson also bought real estate, equipment, and general supplies for defendant Stonewall with no expectation of reimbursement, and even renovated the building in which defendant Stonewall was located. These facts are clearly sufficient to meet the requirement of representing to a third party that defendants were involved in a partnership.

Plaintiff also makes adequate allegations that it believed defendants' representations and relied to its detriment on the representations. Plaintiff believed that it was contracting with both defendants based on defendant Jackson's officer signing the Agreement on behalf of defendant Stonewall and plaintiff also alleges that it entered the Agreement based on the strength and reputation of defendant Jackson. Based on defendant Jackson's reputation and its officer having signed the Agreement, plaintiff entered a separate agreement for

the purchase of thirty-seven tractor-trailers to aid in satisfying the Agreement. Plaintiff adequately alleges that it believed defendant Jackson would implicitly be a party to the Agreement and that it changed its position by purchasing the tractor-trailers in reliance on defendant Jackson's representations.

Alternatively, defendant Jackson contends the trial court correctly granted the motion to dismiss because plaintiff entered the Agreement with just defendant Stonewall, knowing of the alleged partnership between the defendants. Defendant Jackson argues plaintiff should be held accountable for its choice to contract with defendant Stonewall individually and not with both defendants in their alleged capacity as a partnership. However, plaintiff correctly cites to the case of *Hines v. Arnold*, 103 N.C. App. 31, 36-37, 404 S.E.2d 179, 183 (1991), for the contention that a partner can bind a partnership by executing a contract even where the third party knew of the partnership. Consequently, even if plaintiff was aware of a partnership between defendants, this would not necessarily defeat plaintiff's claim.

Defendant Jackson also makes the argument against partnership by estoppel that plaintiff failed to extend credit to the "actual or apparent partnership" as required by the statute. *See* N.C. Gen. Stat. § 59-46. More specifically, defendant Jackson claims plaintiff merely extended credit to defendant Stonewall and not to the alleged partnership. However, based on the facts as discussed above, plaintiff alleged that it was under the impression that it was contracting with a partnership between defendants and that defendants were attempting to become vertically integrated in the production of cardboard sheets. Thus, plaintiff extended credit to defendants by providing services without requiring up-front payments, which resulted in unpaid invoices of over $500,000.00. We believe this is sufficient to meet the requirement of alleging an extension of credit to the partnership. As a result, plaintiff has sufficiently alleged the elements of a partnership by estoppel to survive a motion to dismiss pursuant to Rule 12(b)(6).

## C. Joint Venture

[2] Plaintiff next contends the trial court erred in dismissing its claim for joint venture because it adequately pled the elements of a joint venture. We agree.

"A joint venture is an association of persons with intent, by way of contract, express or implied, to engage in and carry out a single business adventure [sic] for joint profit, for which pur-

pose they combine their efforts, property, money, skill, and knowledge, but without creating a partnership in the legal or technical sense of the term."

*Pike v. Trust Co.*, 274 N.C. 1, 8, 161 S.E.2d 453, 460 (1968) (quoting *In re Simpson*, 222 F. Supp. 904 (M.D.N.C. 1963)). Moreover,

> "Facts showing the joining of funds, property, or labor, in a common purpose to attain a result for the benefit of the parties in which each has a right in some measure to direct the conduct of the other through a necessary fiduciary relation, will justify a finding that a joint adventure [sic] exists."

> . . .

> "To constitute a joint adventure, [sic] the parties must combine their property, money, efforts, skill, or knowledge in some common undertaking. The contributions of the respective parties need not be equal or of the same character, but there must be some contribution by each coadventurer [sic] of something promotive of the enterprise."

*Id.* To prove a joint venture one must generally show two essential elements which are "(1) an agreement to engage in a single business venture with the joint sharing of profits, (2) with each party to the joint venture having a right in some measure to direct the conduct of the other '*through a necessary fiduciary relationship*.' " *Southeastern Shelter Corp. v. BTU, Inc.*, 154 N.C. App. 321, 327, 572 S.E.2d 200, 204-05 (2002) (citation omitted). "The second element requires that the parties to the agreement stand in the relation of principal, as well as agent, as to one another." *Id.*

Plaintiff argues it adequately pled the requirements as described above because it alleged a joining of funds, labor, and property in a common purpose where each defendant had a right to direct the other. Plaintiff alleged that both defendants shared certain directors and officers, which exerted control over both defendants, and furthermore, defendant Jackson purchased property and renovated it on behalf of defendant Stonewall. Plaintiff contends that these allegations are sufficient to show the sharing of expenses, employees, and physical space to survive a Rule 12(b)(6) motion. Defendant Jackson again argues that plaintiff must allege that it contracted with a purported partnership or joint venture, and not defendant Stonewall individually. However, as noted above, we believe this argument and the trial court's reasoning fail because plaintiff has

alleged that it believed it was contracting with defendant Stonewall on behalf of its partnership or joint venture with defendant Jackson. *See Hines*, 103 N.C. App. at 36-37, 404 S.E.2d at 183.

Defendant Jackson further argues plaintiff failed to allege that defendants agreed to engage in a business venture involving a joint sharing of profits, with a fiduciary relationship, and an equal right of control over one another. Viewing the allegations in the light most favorable to plaintiff, we believe plaintiff has satisfactorily alleged these facts. First, plaintiff alleges defendants entered into a business venture with the joint sharing of profits by arguing that defendants jointly sought tax incentives from the State of North Carolina; they desired to vertically integrate their businesses to streamline the making of cardboard sheets; and they shared employees without reimbursing the other for the cost of the services provided. Secondly, plaintiff alleges a fiduciary relationship in that the parties looked to vertically integrate, which would involve each defendant having an interest in the other's business. A fiduciary relationship exists where "one person is under a duty to act for the benefit of another on matters within the scope of the relationship." Black's Law Dictionary 1315 (8th ed. 2004). Moreover, defendant Jackson's employees and officers worked for and on behalf of defendant Stonewall on numerous occasions and even signed the Agreement on behalf of defendant Stonewall in a sufficient manner to be considered a fiduciary relationship. Finally, plaintiff alleged that defendants had equal control over one another in that they shared officers and directors, as well as other employees. In doing so, there must be some control exerted by the same people by both defendants sufficient to meet the requirement. While it appears from the allegations that defendant Jackson did exert more control over defendant Stonewall, mainly due to its more established position, the pleadings are sufficient in showing defendant Stonewall had the ability to exert control over defendant Jackson. Thus, we believe the pleadings are sufficient to move forward on the theory of joint venture.

### D. *De Facto* Partnership

[3] Plaintiff's third argument is that the trial court erred in dismissing its claim for *de facto* partnership. Plaintiff again contends that it pled enough to survive the motion to dismiss. We agree.

"A partnership is an association of two or more persons to carry on as co-owners a business for profit." N.C. Gen. Stat. § 59-36(a) (2011). A more detailed description is that it is "a combination of two

or more persons of their property, effects, labor, or skill in a common business or venture, under an agreement to share the profits or losses in equal or specified proportions, and constituting each member an agent of the others in matters appertaining to the partnership and within the scope of its business." *Zickgraf Hardwood Co. v. Seay*, 60 N.C. App. 128, 133, 298 S.E.2d 208, 211 (1982). A *de facto* partnership may be found by examination of a parties' conduct, which shows a voluntary association of partners. *Potter v. Homestead Preservation Assn.*, 330 N.C. 569, 576, 412 S.E.2d 1, 5 (1992). However, "co-ownership and sharing of any actual profits are indispensable requisites for a partnership." *Wilder v. Hobson*, 101 N.C. App. 199, 202, 398 S.E.2d 625, 627 (1990).

To bolster its contention, plaintiff cites to *Potter* where our Supreme Court held that the trial court erred in not submitting to the jury the issue of whether or not the plaintiff had shown a *de facto* partnership. *Potter*, 330 N.C. 569, 412 S.E.2d 1. In *Potter*, the parties did not enter an express, written partnership agreement, but they worked together to develop and sell real estate. *Id.* Each party contributed a separate skill or service to the partnership. *Id.* Plaintiff also relies on *Trujillo v. N.C. Grange Mut. Ins. Co.*, 149 N.C. App. 811, 561 S.E.2d 590 (2002), where our Court held that where three brothers worked together to run a farm and each one provided something different to the enterprise, the allegations were sufficient to support a partnership. In the case at hand, as mentioned above, plaintiff alleges defendant Jackson's active involvement and contributions to the success of defendant Stonewall's business, which were in defendant Jackson's interest in vertically integrating the two businesses. Furthermore, plaintiff alleged a sharing of expenses, sharing of tax incentives, and a donating of employees' time for which no accounting was made.

Otherwise, defendant Jackson makes the same argument as presented under joint venture, that plaintiff failed to allege a profit-sharing situation between defendants. However, as noted above, we believe plaintiff's allegations are sufficient to meet any requirement of profit sharing in that they shared employees with no accounting and jointly sought tax incentives to share in the vertical integration of their businesses. Consequently, we reverse the trial court's dismissal of plaintiff's claim for *de facto* partnership.

## E.  Piercing the Corporate Veil

**[4]**  At issue in plaintiff's final argument is whether the trial court erred in dismissing plaintiff's claim for piercing the corporate veil. Plaintiff alleges that defendant Jackson created and used defendant Stonewall merely as a shell to insulate itself from any potential claims brought by outside creditors. We do not believe plaintiff made sufficient allegations to maintain this claim.

In North Carolina, when reviewing a claim for piercing the corporate veil, our courts apply the instrumentality rule, which states:

> [A] corporation which exercises actual control over another, operating the latter as a mere instrumentality or tool, is liable for the torts of the corporation thus controlled. In such instances, the separate identities of parent and subsidiary of affiliated corporations may be disregarded.

*Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985) (internal quotation marks and citation omitted). Furthermore, to attack a separate entity under the instrumentality rule one must prove:

> "(1)  Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
>
> "(2)  Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and
>
> (3)  The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of."

*Id.* at 455, 329 S.E.2d at 330 (citation omitted). In examining the above requirements, some factors to consider are inadequate capitalization, non-compliance with corporate formalities, complete domination and control of the corporation so no independent identity exists, and excessive fragmentation. *Id.* at 455, 329 S.E.2d at 330-31. It is duly noted that piercing the corporate veil is a "drastic remedy" and "should be invoked only in an extreme case where necessary to serve the ends of justice." *Dorton v. Dorton*, 77 N.C. App. 667, 672, 336 S.E.2d 415, 419 (1985).

Plaintiff claims that it met the pleading requirements for piercing the corporate veil. The trial court, on the other hand, found that plaintiff failed to allege any wrongdoing on behalf of defendants to meet the second element of the instrumentality rule. Plaintiff contends defendant Jackson's actions constituted misconduct in that defendant Stonewall did not purchase the medium sheet from defendant Jackson until it was actually used in the process of making corrugated cardboard sheets, which was different than with any of defendant Stonewall's other suppliers. This relationship and agreement consisted of defendant Jackson providing the materials to defendant Stonewall on consignment, and thus allowed defendant Jackson to retrieve the materials and circumvent the claims of creditors once defendant Stonewall failed. Unfortunately, we cannot see how this agreement between defendants, on its face, amounted to a wrongdoing. Defendants were within their rights to supply materials based on consignment and defendant Jackson had the right to retrieve its rightfully owned materials once defendant Stonewall faltered.

Plaintiff also contends that defendant Stonewall's breach of the Agreement, in itself, can amount to a wrongdoing to meet the second element of the test. Plaintiff cites to *East Mkt. St. Square, Inc. v. Tycorp Pizza IV, Inc.*, 175 N.C. App. 628, 625 S.E.2d 191 (2006), where an individual defendant created a corporation for the sole purpose of entering the contract at issue and at the same time unjustly insulating the defendant from liability under the contract. *Tycorp Pizza* appears to differ from the case at hand in that there the breach of contract related to the creation of the shell corporation and unjustly insulated the controlling entity from any liability. *Id.* Here, alternatively, it does not appear, and plaintiff has not alleged, that defendant Jackson created defendant Stonewall for the sole purpose of entering the Agreement; and it does not appear that the creation of defendant Stonewall somehow unjustly insulates defendant Jackson from any liability. Consequently, we must hold that plaintiff failed to sufficiently allege a wrongdoing to meet the second prong of the instrumentality test for piercing the corporate veil, and as a result, the trial court did not err in dismissing plaintiff's claim for piercing the corporate veil pursuant to defendant Jackson's Rule 12(b)(6) motion. Furthermore, we see no need to address the other elements of the test as this particular requirement is dispositive.

### III. Conclusion

We believe it was error for the trial court to dismiss plaintiff's claims for partnership by estoppel, joint venture, and *de facto* part-

nership because plaintiff's pleadings were sufficient in alleging the elements for each claim to survive a Rule 12(b)(6) motion. Thus, we must reverse these issues and allow plaintiff to continue on these claims. However, the trial court correctly dismissed plaintiff's claim for piercing the corporate veil because plaintiff failed to adequately plead any wrongdoing on behalf of defendant Jackson in allegedly creating defendant Stonewall for its own use. Consequently, we affirm the trial court's dismissal of plaintiff's piercing the corporate veil claim.

Affirmed in part; reversed in part.

Judges STROUD and THIGPEN concur.