**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1402

USA TROUSER, S.A. DE C.V.,

Plaintiff - Appellant,

v.

SCOTT ANDREWS,

Defendant – Appellee,

and

INTERNATIONAL LEGWEAR GROUP, INC.; WILLIAM SHEELY; JOHN SANCHEZ,

Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:11-cv-00244-MR-DLH)

Submitted: April 23, 2015                    Decided: May 5, 2015

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Matthew K. Rogers, LAW OFFICES OF MATTHEW K. ROGERS, PLLC, Hickory, North Carolina, for Appellant. Dana C. Lumsden,

Bethany A. Corbin, BRADLEY ARANT BOULT CUMMINGS LLP, Charlotte, North Carolina; Lindsey C. Boney IV, BRADLEY ARANT BOULT CUMMINGS LLP, Birmingham, Alabama, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

USA Trouser, S.A. de C.V. ("USAT"), a Mexican sock manufacturer, filed suit against its primary distributor, International Legwear Group, Inc. ("ILG"), two of ILG's former officers, and the former chairman of ILG's board of directors, Scott Andrews. On motions for summary judgment, the district court denied USAT's motion and granted Andrews summary judgment on USAT's claims of, among others, breach of fiduciary duty and constructive trust.[1] USAT appeals the disposition of all of its claims in favor of Andrews. We affirm in part, vacate in part, and remand to the district court for further proceedings.

We review de novo a district court's order ruling on cross-motions for summary judgment. Bostic v. Shaefer, 760 F.3d 352, 370 (4th Cir. 2014), cert. denied, 135 S. Ct. 308 (2014); Mun. Ass'n of S.C. v. USAA Gen. Indem. Co., 709 F.3d 276, 283 (4th Cir. 2013). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d

---

[1] Although the district court denied USAT's motion for summary judgment as to ILG, the court subsequently entered default judgment against ILG. The court also granted summary judgment to ILG's two former officers on all but two claims, for which USAT later accepted offers of judgment. USAT does not appeal these rulings.

3

562, 568 (4th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)).  In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party."  Id. at 565 n.1 (internal quotation marks omitted).  "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party[, and a]] fact is material if it might affect the outcome of the suit under the governing law."  Id. at 568 (internal citations and quotation marks omitted).

USAT challenges the district court's grant of summary judgment to Andrews on its claim that Andrews breached fiduciary duties he owed to USAT.  See Green v. Freeman, 749 S.E.2d 262, 268 (N.C. 2013) (setting forth elements of claim).  First, USAT claimed that fiduciary duties arose out of a business partnership or joint venture between ILG and USAT.  However, we conclude, as did the district court, that USAT forecast no evidence to show USAT and ILG were joint venturers or business partners under North Carolina law.  See Best Cartage, Inc. v. Stonewall Packaging, LLC, 727 S.E.2d 291, 298-99 (N.C. Ct. App. 2012).  Second, USAT claimed that fiduciary duties arose out of the vertically integrated strategic partnership between USAT and ILG, which made them mutually interdependent businesses. Although the district court may have read too broadly the

4

decision in Tin Originals, Inc. v. Colonial Tin Works, Inc., 391 S.E.2d 831, 833 (N.C. Ct. App. 1990) (indicating only that mutual interdependence, without more, will not give rise to fiduciary obligations), we conclude that any error is necessarily harmless. USAT presented no evidence demonstrating the type of circumstances required for the existence of a fiduciary relationship between mutually interdependent businesses. See Broussard v. Meineke Disc. Muffler Shops, 155 F.3d 331, 348 (4th Cir. 1998), quoted with approval in Kaplan v. O.K. Techs., L.L.C., 675 S.E.2d 133, 138 (N.C. Ct. App. 2009); Crumley & Assocs., P.C. v. Charles Peed & Assocs., P.A., 730 S.E.2d 763, 768 (N.C. Ct. App. 2012).

Next, USAT claims that it presented evidence demonstrating Andrews owed it, as ILG's creditor, a fiduciary duty due to his position as ILG's director and that the district court erred by not viewing the evidence in USAT's favor. We agree. With one exception, "directors of a corporation do not owe a fiduciary duty to creditors of the corporation." Keener Lumber Co. v. Perry, 560 S.E.2d 817, 824 (N.C. Ct. App. 2002) (internal quotation marks omitted). "[O]nly where there exist circumstances amounting to a 'winding-up' or dissolution of the corporation" will directors of a corporation owe a fiduciary duty to its creditors. Id. at 825 (internal quotation marks

5

omitted). In determining whether such circumstances exist, a court undertakes a "complex analysis" involving:

> various factors . . . , including but not limited to: (1) whether the corporation was insolvent, or nearly insolvent, on a balance sheet basis; (2) whether the corporation was cash flow insolvent; (3) whether the corporation was making plans to cease doing business; (4) whether the corporation was liquidating its assets with a view of going out of business; and (5) whether the corporation was still prosecuting its business in good faith, with a reasonable prospect and expectation of continuing to do so.

Id. Absent evidence that the corporation's circumstances were such that it was winding-up or dissolving, North Carolina courts have used summary judgment to prevent a creditor's fiduciary duty claim against a director from reaching the jury. See Whitley v. Carolina Clinic, Inc., 455 S.E.2d 896, 900-01 (N.C. Ct. App. 1995). However, where a plaintiff-creditor presents sufficient evidence, North Carolina courts allow the jury to determine whether the corporation was winding-up or dissolving and, thus, whether a director-creditor fiduciary relationship existed. See Keener, 560 S.E.2d at 826.

Although the district court laid out the Keener factors, the court did not analyze all of them, emphasizing instead the language of a treatise that treats both balance-sheet and cash-flow insolvency as nearly irrelevant factors.[2] The court

---

[2] The treatise states that
(Continued)

6

determined that the evidence forecast only that ILG's directors and officers "were actively trying to secure financing for the continued operation of ILG" and "actively continuing ILG's operations" "up until the time that ILG's lender decided to foreclose on its secured loans." (J.A. 2729-30).[3] On this determination alone, the district court concluded that no fiduciary relationship arose because Andrews was not a director during any period of winding-up or dissolution.

We conclude, however, that USAT presented evidence from which a factfinder could reasonably infer that ILG was both balance-sheet and cash-flow insolvent during Andrews's tenure as

---

> a corporation is not insolvent, as a general rule, merely because it is embarrassed and cannot pay its debts as they become due, or because its assets, if sold, would not bring enough to pay all its liabilities, if it is still prosecuting its business in good faith, with a reasonable prospect and expectation of continuing to do so.

15A William Meade Fletcher, Fletcher Cyclopedia of the Law of Private Corporations § 7472 (perm. ed., rev. vol. 1990), quoted in Keener, 560 S.E.2d at 825; Whitley, 455 S.E.2d at 900. See generally Matrix Grp. Ltd. v. Rawlings Sporting Goods Co., 477 F.3d 583, 590 (8th Cir. 2007) (defining balance-sheet and cash-flow insolvency); J.B. Heaton, Solvency Tests, 62 Bus. Law. 983, 988-95 (2007) (same).

[3] "J.A." refers to the joint appendix filed by the parties on appeal.

7

an ILG director.[4]   We also conclude that the district court failed to construe in USAT's favor evidence regarding whether ILG was actively attempting to secure financing and continue its operations during a time when Andrews was a director.  First, we note that the relevant inquiry is whether ILG had ceased these activities at a time when Andrews was still on the board.  The district court concluded that ILG had not ceased the activities until ILG's primary lender decided to foreclose.  Second, the evidence, construed in USAT's favor, demonstrates that Andrews did not resign from ILG's board of directors until after ILG's primary lender decided to foreclose.[5]

Under these circumstances, genuine issues of material fact remain concerning whether ILG was winding-up or dissolving and, thus, whether a creditor-director fiduciary relationship existed.  With regard to whether Andrews breached any fiduciary duty he may have owed to USAT, the district court correctly found that the forced liquidation of ILG's assets and distribution of the proceeds to ILG's primary lender could not

---

[4] We need not, and do not, decide whether the court was obligated under North Carolina law to weigh all of the factors set forth in Keener.

[5] Andrews resigned on July 20, 2011.  The only evidence concerning when ILG's primary lender made its decision shows that it did so in mid- or late-July 2011.

form the basis of a breach because, "even after the fiduciary duty arises, directors of a corporation may prefer secured creditors over unsecured creditors" by paying all debts to the former before paying any debts to the latter. <u>Keener</u>, 560 S.E.2d at 827. However, the court did not address USAT's claim that Andrews breached his duty by failing to disclose to USAT ILG's financial condition or the potential that ILG may cease operating.[6] <u>See</u> <u>King v. Bryant</u>, 737 S.E.2d 802, 809 (N.C. Ct. App. 2013) ("Inherent in any fiduciary relationship is an affirmative duty to disclose all facts material to a transaction."); <u>Keener</u>, 560 S.E.2d at 827. Viewing the evidence in USAT's favor, we conclude that genuine issues of fact remain as to whether ILG's financial condition was material to USAT, whether Andrews breached his fiduciary duty to USAT by failing to disclose ILG's condition during a time when ILG and USAT were still transacting, and whether any of Andrews's alleged breaches caused USAT injury.

Turning to USAT's claim of constructive trust, we note that the record does not clearly indicate whether the claim was one for constructive trust or, instead, constructive fraud. In

---

[6] In so concluding, we express no opinion regarding the validity of the remainder of the actions on which USAT relied to demonstrate breach.

9

either case, we conclude that summary judgment was inappropriate based on the genuine issues of material fact discussed above. See Brisset v. First Mount Vernon Indus. Loan Ass'n, 756 S.E.2d 798, 806 (N.C. Ct. App. 2014); Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC, 723 S.E.2d 744, 751-52 (N.C. 2012).

Finally, for the remainder of the claims that USAT seeks to raise on appeal, we conclude that USAT either has raised them here for the first time or has not sufficiently challenged in its brief the basis for the district court's disposition regarding them. Accordingly, we do not address them.[7] See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014); Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 376 (4th Cir. 2013); Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we vacate the district court's grant of summary judgment to Andrews on USAT's fiduciary duty and

---

[7] To the extent that USAT asserts that the district court erred in calculating damages in its default judgment against ILG, we decline to entertain such a claim because ILG is not a party to this appeal. To the extent that USAT seeks to argue in this court the amount of damages for which Andrews is liable, such arguments are premature as genuine issues of material fact remain concerning whether Andrews is liable.

constructive trust claims, affirm the district court's order in all other respects, and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>

11